UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWIN PEREZ,

                              **No. 1:13-CV-01107 (MAT)**
                  Petitioner,   **DECISION AND ORDER**

        -vs-

MALCOLM R. CULLY, SUPERINTENDENT,

                  Respondent.

_____

## I.    Introduction

Proceeding *pro se*, Edwin Perez ("petitioner"), petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered April 5, 2006, in Monroe County Court (Sirkin, J.), following a jury verdict convicting him of first-degree manslaughter (N.Y. Penal Law § 120.20(1)). Petitioner was sentenced to fifteen years in prison followed by five years of post-release supervision.

## II.   Factual Background and Procedural History

The evidence presented at trial established that on the night of September 16, 2005, petitioner and an accomplice, Anthony Ott, approached and attacked Travis Gray and Hank Hogan as they walked through the parking lot of a bar located in Rochester, New York. Petitioner and/or his co-defendant Ott stabbed Gray eight times, resulting in injuries that caused Gray's eventual death. Two knives were found by police in petitioner's car, one of which tested positive for Gray's blood on the blade and petitioner's DNA on the

handle. A jury convicted petitioner of first-degree manslaughter as noted above.

Petitioner filed a direct counseled appeal to the New York State Supreme Court, Appellate Division, Fourth Department, arguing that (1) the evidence was legally insufficient to support the verdict and trial counsel was ineffective for failing to preserve this claim; (2) the trial court did not properly instruct the jury or respond to its notes on accessorial liability by not charging the jury that it must acquit petitioner of manslaughter if it acquitted Ott of murder and by not specifying the *mens rea* required to convict petitioner, and counsel was ineffective for failing to preserve this issue; (3) the hearing court violated New York Criminal Procedure Law ("CPL") § 710.60(6) when it failed to make findings of fact and conclusions of law in denying petitioner's suppression motion, and the trial court violated New York Judiciary Law § 21 when it adopted the hearing court's decision without a separate hearing; (4) the indictment was improperly transferred from Supreme Court to County Court and then improperly transferred back to Supreme Court, and thus the presiding trial court lacked jurisdiction over the case; and (5) petitioner's sentence was harsh and excessive.

On April 1, 2011, the Fourth Department unanimously affirmed petitioner's conviction. See <u>People v. Perez</u>, 89 A.D.3d 1393 (4th Dep't 2011), <u>rearg. denied</u>, 92 A.D.3d 1267 (4th Dep't 2012), <u>lv. denied</u>, 18 N.Y.3d 961. The Fourth Department found that

petitioner's claim that the evidence was legally insufficient was unpreserved and, in any event, meritless, and held that trial counsel could not be held ineffective for failing to preserve this meritless issue. Perez, 89 A.D.3d at 1393. The Court found that petitioner's claim regarding a jury instruction for shared intent lacked merit, holding that because "the court sufficiently explained the applicable legal principles to the jury, it was not bound to charge the jury as defense counsel proposed[.]" Id. (quoting People v. Leach, 293 A.D.2d 760, 761 (2002), lv. denied, 98 N.Y.2d 677).

The court also rejected petitioner's claim that the trial court violated Judiciary Law § 21, holding that the record demonstrated that the suppression hearing was properly litigated and denied by the hearing court. Finally, the court found petitioner's remaining claims – that the trial court failed to properly instruct the jury that the jury must acquit him of manslaughter if it convicted his co-defendant of murder; the case was improperly transferred between Supreme and County Court; and the hearing court violated CPL § 710.70(6) – unpreserved for review.

On April 11, 2013, petitioner filed a *pro se* motion for a writ of error coram nobis with the Fourth Department, alleging ineffective assistance of appellate counsel for failure to raise issues including (1) the prosecutor's failure to secure

3

petitioner's presence at a second grand jury presentation; (2) the trial court's improper handling of jury notes during deliberations; and (3) ineffective assistance of trial counsel. On June 7, 2013, the Fourth Department summarily denied petitioner's coram nobis motion. See People v. Perez, 107 A.D.3d 1502 (4th Dep't 2013), lv. denied, 21 N.Y.3d 1076.

The instant petition argues that (1) the evidence was legally insufficient to support the conviction; (2) the trial court failed to properly instruct the jury on accessorial liability and did not properly respond to the jury's note requesting clarification of that principle; (3) both the hearing and trial court failed to outline their findings of fact and conclusions of law in denying petitioner's motions to suppress; (4) trial counsel was ineffective for (a) failing to make a pretrial motion to dismiss the manslaughter indictment after petitioner was denied the right to testify before the grand jury, (b) failing to insist upon a written decision on his suppression motion, (c) failing use petitioner's hospital records to show that he had a pre-existing injury, (d) making improper comments during summation, and (e) failing to object to the trial court's handling of the jury notes during deliberations; and (5) appellate counsel was ineffective for failing to argue that (a) the prosecutor erred in not producing petitioner at the second grand jury presentation, (b) the trial

4

court improperly handled the jury's notes during deliberation, and (c) petitioner's trial counsel was ineffective due to these errors.

## III. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." <u>Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury</u>, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

## IV. Grounds Asserted in the Petition

### A. Insufficient Evidence

Petitioner contends that the verdict was based on legally insufficient evidence, arguing that his co-defendant, acting in self-defense, actually inflicted the fatal wounds on the victim, and that the evidence did not prove intent or even action on petitioner's part. As discussed above, however, the Fourth Department rejected petitioner's insufficient evidence claim as

unpreserved. See Perez, 89 A.D.3d at 1393. This decision constitutes an adequate and independent state law ground precluding petitioner's habeas claim, and the claim is therefore dismissed. See Anderson v. Griffen, 2012 WL 5227297, *2 (W.D.N.Y. Oct. 22, 2012) (citing Baker v. Kirkpatrick, 768 F. Supp. 2d 493, 500 (W.D.N.Y. 2011); Garcia v. Lewis, 188 F.3d 71, 79-82 (2d Cir. 1999) (recognizing that New York has a well-established preservation rule that is regularly followed in a number of contexts)).

**B.    Jury Instructions**

Plaintiff contends that the trial court did not properly instruct the jury on accessorial liability, and committed further error in responding to the jury's request to clarify the instruction. As respondent argues, however, this claim is not cognizable on habeas review. See, e.g., Estelle v. McGuire, 502 U.S. 62, 71-72 (1991) (holding that "the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief"); DiGuglielmo v. Smith, 366 F.3d 130, 136-37 (2d Cir. 2004) (noting that federal court is "not empowered to second-guess" an Appellate Division's ruling that "as a whole, the [jury instructions] properly set forth the law of New York"). Accordingly, this claim is dismissed.

**C.    Claims Regarding the Suppression Motion**

Plaintiff next argues that the hearing and trial courts erred in denying his motion to suppress identification evidence, see

People v. Wade, 143 A.D.2d 703 (2d Dep't 1988), lv. denied, 73 N.Y.2d 861, because the courts failed to outline their findings of fact and conclusions of law. Specifically, petitioner argued that the hearing court violated CPL § 710.60(b) and the trial court violated Judiciary Law § 21. These state law claims are not cognizable on habeas review. See Smith v. Savage, 2010 WL 475290, *7 (W.D.N.Y. Feb. 5, 2010) (holding that claim involving § 710.60 "implicate[d] no federal constitutional right [and was] matter of state law and . . . [was] thus not cognizable on federal habeas review"); Gilleo v. Valley, 2016 WL 4530887, *12 (S.D.N.Y. June 9, 2016), report and recommendation adopted, 2016 WL 4532208 (S.D.N.Y. Aug. 29, 2016) (holding that petitioner's claim that state proceedings "contravened New York's judiciary law . . . [was] not cognizable on habeas review").

Even if petitioner's claims related to federal constitutional questions, they nevertheless are not cognizable on habeas review. See McCormick v. Hunt, 461 F. Supp. 2d 104, 107 (W.D.N.Y. 2006) (holding that "the trial court's ruling on [petitioner's] suppression motion [was] not cognizable on federal habeas review under the doctrine of Stone v. Powell, 428 U.S. 465 (1976), which generally precludes the re-litigation of Fourth Amendment claims on federal habeas review") (parallel citations omitted); Curry v. Bennett, 2003 WL 22956980, *13 (E.D.N.Y. Oct. 17, 2003) ("Because petitioner seeks suppression of the line-up identifications and

petitioner's statements on Fourth Amendment grounds, his claim is barred from review.") (also citing Stone, 428 U.S. 465). Accordingly, the claim on this ground is dismissed.

## D.    Ineffective Assistance of Trial Counsel

Petitioner argues that his trial counsel was ineffective (1) for failing to make a pretrial motion to dismiss the manslaughter indictment after petitioner was denied the right to testify before the grand jury; (2) for failing to insist upon a written decision on the suppression motion; (3) for failing to use petitioner's hospital records to show that he had a pre-existing injury; (4) for making improper comments during summation; and (5) for failing to object to the trial court's alleged O'Rama violation, see People v. O'Rama, 78 N.Y.2d 270 (1991), in improperly responding to jury notes during deliberations.

Although petitioner presented two arguments regarding ineffective assistance of trial counsel on his direct appeal, he did not raise the issues enumerated above. Moreover, although petitioner raised various claims of ineffectiveness of trial counsel in his coram nobis petition, this did not serve to exhaust those claims "[b]ecause a coram nobis application is not the appropriate procedural vehicle for asserting a claim of ineffective assistance of trial counsel." Congelosi v. Miller, 611 F. Supp. 2d 274, 307 (W.D.N.Y. 2009). Accordingly, as respondent argues, these

8

claims are unexhausted because petitioner failed to raise them in state court proceedings.

Petitioner's arguments described at (3) through (5) above are record-based and could have been raised on direct appeal; thus, they are deemed exhausted but procedurally barred. See <u>Quiles v. Chappius</u>, 2014 WL 4652742, *15 (S.D.N.Y. Sept. 18, 2014), <u>aff'd</u>, 648 F. App'x 83 (2d Cir. 2016) (noting that "record-based claims may now be 'deemed' exhausted but procedurally barred because [p]etitioner may not raise them again in state court and fully exhaust them") (citing N.Y. Ct. Rules § 500.20(02); CPL § 440.10(2)(c); <u>DiGuglielmo v. Smith</u>, 366 F.3d 130, 135 (2d Cir. 2004) (per curiam)). Petitioner has not alleged cause and prejudice to overcome the procedural bar. Moreover, for purposes of the miscarriage-of-justice exception, he has made no factual showing that he is "'actually innocent' (meaning factually innocent) of the crime for which he was convicted." <u>Carvajal v. Artus</u>, 633 F.3d 95, 108 (2d Cir. 2011) (citing <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)).

Claims (1) and (2) above are not record-based, and therefore the Court will address them on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). First, petitioner argues that trial counsel was ineffective for

failing to make a pretrial motion to dismiss the manslaughter indictment after petitioner was denied the right to testify before the grand jury. As respondent points out, "New York courts have consistently held that counsel's failure to ensure that the defendant testifies before the grand jury does not amount to ineffective assistance of counsel." Davis v. Mantello, 42 F. App'x 488, 491 n.1 (2d Cir. 2002). Accordingly, this claim fails on the merits.

Second, petitioner argues that trial counsel was ineffective for failing to insist upon a written decision on the suppression motion. The reasons for counsel's failure to so insist are not discernible from the record. However, this argument fails on the merits because the suppression hearing record fully supports the hearing court's denial of petitioner's suppression motion. Insistence on a written decision would have merely resulted in the reduction of the hearing court's oral decision to writing; it would not have resulted in a favorable determination for petitioner. Petitioner has thus failed to show any prejudice stemming from counsel's actions. See Beck v. Conway, 2014 WL 774967, *5 (E.D.N.Y. Feb. 25, 2014). Accordingly, this claim is dismissed.

**E. Ineffective Assistance of Appellate Counsel**

Finally, petitioner contends that his appellate counsel was ineffective for failing to raise the following claims on direct appeal: (1) the prosecutor erred in not producing petitioner for a

second grand jury presentation after petitioner gave oral notice of his intent to testify; (2) the trial court erred in handling responses to jury notes; and (3) trial counsel was ineffective for various reasons. The Fourth Department summarily denied these arguments in its decision on petitioner's application for a writ of error coram nobis. See Perez, 107 A.D.3d 1502 (4th Dep't 2013), lv. denied, 21 N.Y.3d 1076.

The Fourth Department's rejection of petitioner's claims was not contrary to, nor an unreasonable application of, federal precedent. To establish ineffective assistance of counsel at either the trial or appellate level, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

Petitioner's first claim, that appellate counsel was ineffective for failing to raise the issue involving petitioner's alleged desire to testify before the grand jury, is not record-based and therefore could not have been brought on direct appeal. As such, appellate counsel was not ineffective for failing to raise

11

this issue. See <u>Whitehead v. Haggett</u>, 2017 WL 491651, *10 (E.D.N.Y. Feb. 6, 2017) (noting that petitioner's claim "'ultimately turn[ed] on facts appearing outside the record' such that 'the Appellate Division could not have adjudicated [the] claim on direct appeal'") (quoting <u>Pierotti v. Walsh</u>, 834 F.3d 171, 179 (2d Cir. 2016)).

Petitioner's second claim, that the trial court erred in handling jury notes, is belied by the record. Pursuant to <u>O'Rama</u>, 78 N.Y.2d at 276-81, a New York State trial court is required to give notice to both parties, in the presence of defendant, as to the contents of any jury notes submitted during deliberation. A review of the trial record in this matter reveals that the trial court fully complied with the requirements of <u>O'Rama</u>. Thus, appellate counsel cannot be held ineffective for failing to raise this meritless issue on appeal. See, e.g., <u>Allah v. Duncan</u>, 2003 WL 23278846, *6 (E.D.N.Y. Dec. 11, 2003).

Finally, petitioner contends that appellate counsel was ineffective for failing to argue that trial counsel was ineffective in (1) failing to move to dismiss the second indictment after petitioner was allegedly denied the right to testify before the grand jury; (2) failing to use petitioner's medical records to show that his hand injury was pre-existing; and (3) failing to properly object to the jury instruction on accessorial liability and failing to object to the court's supplemental jury instructions.

As to appellate counsel's failure to raise the issue involving the grand jury, as discussed above, this issue could not have been raised on direct appeal because it is not record-based. Regarding counsel's failure to introduce petitioner's medical records, upon a review of the record, the Court concludes that such an argument would have been meritless. The evidence at trial established that petitioner's hand injuries occurred, at least in part, on the day of the incident in question, as evidenced by the facts that petitioner's hand was bleeding at the time of his arrest, and petitioner's blood was found on the sleeve of the his co-defendant's shirt. Again, appellate counsel was not ineffective for failing to raise these meritless issues. See Allah, 2003 WL 23278846, at *6.

As for petitioner's argument that trial counsel was ineffective for failing to object to the court's accomplice liability charge and to supplemental instructions, the record reveals that appellate counsel did, in fact, raise these issues in the brief on direct appeal. Accordingly, petitioner's claims regarding ineffective assistance of appellate counsel are dismissed.

**V. Conclusion**

For the foregoing reasons, the petition (doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the

Court declines to issue a certificate of appealability.  The Clerk

of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:     April 27, 2017
           Rochester, New York.