UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDWIN PEREZ,

                          Petitioner,

        -vs-

MALCOLM R. CULLY, SUPERINTENDENT,

                          Respondent.

**No. 1:13-CV-01107 (MAT)**
**DECISION AND ORDER**

## I.   Introduction

Edwin Perez ("Petitioner") filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied by this Court in a Decision and Order entered April 27, 2017. On May 10, 2017, Petitioner filed a Motion for Reconsideration of the Decision and Order denying habeas relief, on the basis that the Court made several errors in its recitation of the underlying facts. Respondent has not submitted papers in opposition to the Motion for Reconsideration. For the reasons set forth below, reconsideration is denied.

## II.  Reconsideration Standard

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995) (citing

Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990); Adams v. United States, 686 F. Supp. 417, 418 (S.D.N.Y. 1988).

## III. Discussion

Petitioner asserts that the "Factual Background and Procedural History" section of the Court's Decision and Order "involved a controlling question of facts." First, according to Petitioner, the Decision and Order stated that Petitioner's "DNA was on the handle of the knife used in the commission of this offense in this indictment." (Pet'r Mtn. (Dkt #22) at 1). However, Petitioner provides no citation to the Decision and Order, and the Court is unable to find such a statement in its Decision and Order. The Court did write that "[t]wo knives were found by police in petitioner's car, one of which tested positive for [the decedent, Travis] Gray's blood on the blade and petitioner's DNA on the handle." (Decision & Order (Dkt #23) at 1-2). Petitioner is correct that it was not Petitioner's DNA that was found on the handle of the knife; it was the DNA of co-defendant Anthony Ott ("Ott"). The transcript reveals that Officers Harden and Tortora of the Rochester Police Department testified that they found two knives in Petitioner's car at the crime scene; one was located inside a cubby in the driver's side front door, and the other was underneath the passenger's side font seat. (T.177, 401). The knives were submitted for DNA testing. The blade of the knife found under the seat contained DNA from Gray, and his friend, Hank Hogan, and the handle of the knife contained DNA from co-defendant Ott—not Petitioner.

DNA testing also revealed the presence of Petitioner's blood on the sleeve of Ott's shirt. (T.203, 237, 249-50, 425, 429, 431-34).

However, this factual error had no bearing on the Court's ultimate decision insofar as the Court dismissed the insufficiency of the evidence argument as procedurally defaulted under the adequate and independent state ground doctrine, and did not reach the merits of the claim. Because Petitioner has failed to adduce any grounds in support of his reconsideration motion that might reasonably be expected to alter the conclusion reached by the Court, his motion must be denied.

## IV. Conclusion

For the foregoing reasons, Petitioner's Motion for Reconsideration is denied. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.

**SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:     August 18, 2017
           Rochester, New York.